IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VERTIV CORPORATION,

    Plaintiff,

v.

SVO BUILDING ONE, LLC,

    Defendant.

Civil Action No. 1:18-cv-01776-RGA

**MEMORANDUM**

Presently before me is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) and 9 U.S.C. § 3. (D.I. 35). The Parties have fully briefed the issues. (D.I. 36, 43, 54). For the reasons set out below, I will deny Defendant's motion. I will, however, stay the case pending further clarification from the arbitrator on the arbitrability of Plaintiff's request for a preliminary injunction.

**I. BACKGROUND**

In May 2017, Defendant hired Plaintiff to build and outfit a data center. (D.I. 7 at ¶ 4). Their understanding regarding the terms of the project is memorialized in the Lump Sum Turnkey Agreement. (D.I. 37 at 16-39 ("Agreement")). The project did not go smoothly. (D.I. 7 at ¶ 6). Defendant terminated the agreement in July 2018. (*Id.*).

In August 2018, Plaintiff commenced an arbitration proceeding with the American Arbitration Association ("AAA") on certain project related claims. (D.I. 43 at 3). Its decision to arbitrate those claims was compelled by Article 9 of the Agreement. (*Id.*). Article 9 provides:

> 9.1 <u>Applicability of Resolution Procedures</u>. Except for matters requiring immediate injunctive relief, all claims, disputes or other matters in question between the Parties arising out of or relating in any way to this Agreement ("Disputes") will be resolved pursuant to Article 9.

Section 9.3 further provides that Disputes are to be resolved through Arbitration conducted by a retired judge or justice from the AAA "in accordance with AAA's Commercial Arbitration Rules."

Plaintiff filed a First Amended Complaint ("FAC") on December 7, 2018, alleging trade secret misappropriation and patent infringement. (D.I. 7). Plaintiff filed a motion for a preliminary injunction on December 12, 2018. (D.I. 14). Defendant filed the present motion to dismiss on January 2, 2019. In response to Defendant's motion, Plaintiff has consented to arbitrate the claims contained in the FAC. (D.I. 43 at 5). However, Plaintiff does not agree to transfer its motion for preliminary injunction to arbitration. (*Id.*).

## II. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

The Federal Arbitration Act ("FAA") "is a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). Thus, under the FAA, a court should generally resolve doubts as to the scope of an arbitration clause in favor of arbitration. *Id.* at 24-25. The liberal policy favoring arbitration stops short of favoring arbitration of arbitrability. A court should decide that parties agreed to arbitrate arbitrability only if the evidence is clear and unmistakable that they did so. *First Options of Chi, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Rodriguez v. Am. Techs., Inc.*, 39 Cal. Rptr. 3d 437, 446 (Cal. Ct. App. 2006) ("Although the scope of an arbitration clause is generally a question for judicial determination, the parties may, by clear and unmistakable agreement, elect to have the arbitrator, rather than the court, decide which grievances are arbitrable."). If a court finds that parties clearly and unmistakably agreed to delegate the decision of arbitrability to the arbitrator, the court must abide by that decision "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).

### III. DISCUSSION

The issue at the center of this motion is whether, under the terms of the Agreement, I have authority to decide whether I have authority to resolve Plaintiff's preliminary injunction motion. Defendant argues, based on its understanding of the language of the Agreement, that the preliminary injunction motion must be resolved in arbitration. Plaintiff argues that it understands the Agreement to contain an exception for "matters requiring immediate injunctive relief" and that this case presents such a matter.

The Agreement clearly and unmistakably delegates the issue of arbitrability to the arbitrator. California[1] Courts regularly find that agreements that incorporate arbitration rules that give the arbitrator the power to decide issues of arbitrability constitute clear and unmistakable evidence that the parties intended the arbitrator to decide those issues. *Rodriguez*, 39 Cal. Rptr. 3d at 446; *see also Aanderud v. Superior Court*, 221 Cal. Rptr. 3d 225, 235 (Cal. Ct. App. 2017). The Agreement incorporates the AAA Commercial Rules ("AAA Rules"). (Agreement at § 9.3). The AAA Rules provide that the arbitrator shall resolve arbitrability. (D.I. 37 at 5). The Parties' incorporation of the AAA Rules renders them binding on the Parties, as if the rules are part of the contract.[2] There is no indication in the Agreement that the Parties intended to be bound by only some of the AAA Rules. Thus, per the clear and unmistakable provision of the Agreement, any disagreement as to the arbitrability of an issue must be decided by the arbitrator.[3]

Finally, *Henry Schein* clarifies that there is no judicial exception available when a contract makes a clear delegation. Thus, I am entirely without authority to resolve whether I

---

[1] The Agreement provides for the application of California law. (Agreement at ¶ 11.2)
[2] The cases identified by Plaintiffs, which bear little resemblance to this case, do not suggest otherwise. *Ajamian v. CantorCO2e, L.P.*, 137 Cal. Rptr. 3d 773, 787 (2012) (no clear and unmistakable intent for arbitrator to decide arbitrability where the contract listed "American Arbitration Association or any other alternative dispute resolution organization"); *Gilbert St. Developers, LLC v. La Quinta Homes, LLC*, 94 Cal. Rptr. 3d 918, 924 (2009) (no clear and unmistakable intent for arbitrator to decide arbitrability where the AAA rules in force at the time of the contract did not include a delegation provision).
[3] The severability provision of the Agreement does not change this result. The severability clause addresses the possibility that a court may render all or part of the Agreement unenforceable. (Agreement at § 11.3). Plaintiff identifies cases in which courts have exercised jurisdiction, despite an arbitration clause, because the parties disputed the enforceability of the agreement itself. (*See* D.I. 43 at 7-9 (collecting cases)). These cases are inapposite. Neither Party is advocating the unenforceability of the Agreement and the issue of whether the Parties agreed to arbitrate the enforceability of the Agreement is not before me.

have authority to resolve Plaintiff's request for a preliminary injunction. That issue is for the arbitrator.

Accordingly, I must stay or dismiss this case in favor of arbitration. Plaintiff consents to arbitrate all the pending claims in this action and consents to a stay. (D.I. 43 at 20). Defendant also consents to a stay. (D.I. 54 at 3). Given the Parties' agreement, I will stay this case in its entirety pending clarification from the arbitrator on the arbitrability of Plaintiff's request for a preliminary injunction.

## IV. CONCLUSION

I will deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) and 9 U.S.C. § 3. (D.I. 35). I will, however, stay the case pending the arbitrator's resolution of the issue of arbitrability of Plaintiff's request for a preliminary injunction. I will also dismiss Plaintiff's Motion for Preliminary Injunction (D.I. 14) without prejudice.